UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE KARP,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>ALONZO, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:25-cv-01912-ART-BNW<br><br>ORDER |

Plaintiff George Karp brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while confined at High Desert State Prison. (ECF No. 1-1.) On October 14, 2025, this Court ordered Plaintiff to file his complaint using the correct form for federal court and file his updated address by November 10, 2025. (ECF No. 4.) That deadline expired without an updated address from Plaintiff, and his mail from the Court is being returned as undeliverable. (*See* ECF Nos. 3, 5.)

I. **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)

1   the risk of prejudice to the defendants; (4) the public policy favoring disposition
2   of cases on their merits; and (5) the availability of less drastic alternatives. *See*
3   *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006)
4   (quoting *Malone*, 833 F.2d at 130).

5         The first two factors, the public's interest in expeditiously resolving this
6   litigation and the Court's interest in managing its docket, weigh in favor of
7   dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants,
8   also weighs in favor of dismissal because a presumption of injury arises from the
9   occurrence of unreasonable delay in filing a pleading ordered by the court or
10  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
11  1976). The fourth factor—the public policy favoring disposition of cases on their
12  merits—is greatly outweighed by the factors favoring dismissal.

13        The fifth factor requires the Court to consider whether less drastic
14  alternatives can be used to correct the party's failure that brought about the
15  Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
16  992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
17  the party has disobeyed a court order does not satisfy this factor); *accord*
18  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not
19  exhaust every sanction short of dismissal before finally dismissing a case, but
20  must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779
21  F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed
22  without a proper complaint and the ability for the Court and the defendants to
23  send Plaintiff case-related documents, filings, and orders, the only alternative is
24  to enter a second order setting another deadline. But without an updated
25  address, the likelihood that the second order would even reach Plaintiff is low,
26  so issuing a second order will only delay the inevitable and further squander the
27  Court's finite resources. Setting another deadline is not a meaningful alternative
28

2

given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file his complaint using the correct form for federal court and file his updated address in compliance with the Court's October 14, 2025, order. The Clerk of Court is kindly directed to enter judgment accordingly and close this case. If Plaintiff wishes to pursue his claims, he must file a complaint on the proper form and provide the Court with his current address in a <u>new</u> case.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) and motion for appointment of counsel (ECF No. 1-2) are denied as moot.

DATED: November 25, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE